## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| STEVEN KING d/b/a IF LOVE IS A DRUG…GOD IS DOPE,<br><br>          Plaintiff,<br><br>   v.<br><br>GOD IS DOPE, LLC and GOD IS DOPE FOUNDATION, INC., and SHAROD SIMPSON,<br>                    Defendants | **CIVIL ACTION NO. _____**<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

Plaintiff Steven King ("Plaintiff"), by its undersigned counsel, brings this Complaint against Defendants, God is Dope, LLC (the "LLC Defendant"), God is Dope Foundation, Inc., (the "Foundation Defendant"), and Defendant Sharod Simpson ("Mr. Simpson"), (sometimes collectively referred to as "Defendants"), and alleges as follows:

## <u>NATURE OF THE ACTION</u>

This is an action by Plaintiff for federal and common law trademark infringement, unfair competition and false designation of origin.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Plaintiff's claims are predicated upon the Lanham Trademark Act, 15 U.S.C. § 1051, et seq., This Court has jurisdiction over Plaintiff's related common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

2.     This Court has personal jurisdiction over Defendants because Defendants all reside in the State and have advertised and promoted its goods in the ordinary course of trade within this State and particularly in the city of Atlanta, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of Georgia, and as such Defendants expected or should reasonably expect their acts to have consequences within the State and Defendants derive substantial revenue from interstate commerce.

3.     Venue is proper in  pursuant to 28 U.S.C. § 1391 (a) and (b) because all defendants reside in this Judicial District and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

## NATURE OF THE PARTIES

4.    Plaintiff is an individual residing at 2421 Beachview Drive, Jacksonville, Florida 32218.

5.    Upon information and belief, Defendant God Is Dope, LLC is a limited liability company having its principal place of business at 451 Edgewood Avenue, Atlanta, Georgia 30312.

6.    Upon information and belief, Defendant God Is Dope Foundation, Inc. is a Georgia Corporation having its principal place of business at 787 Windsor Street SW, Atlanta, Georgia 30315.

7.    Upon information and belief, Defendant Sharod Simpson is an individual residing at 5125 Halcyon Drive, Atlanta, Georgia, 30349

## FACTUAL BACKGROUND

### Plaintiff's Business and Longstanding Use of the Distinctive GOD IS DOPE Mark

8.    Plaintiff is the originator of a faith-based movement that he refers to as "IF LOVE IS A DRUG…GOD IS DOPE" (the "GOD IS DOPE Mark") which was inspired by Plaintiff's spiritual journey and growth in changing his life for the better and his mission to inspire others to do the same.

9.     Plaintiff began using the shorthand iteration of the Full Mark, "God is Dope" (the "Shorthand Mark") in December 2012 on Facebook as part of his personal Christian mission.



10.     Plaintiff first used the GOD IS DOPE Mark "IF LOVE IS A DRUG…GOD IS DOPE" on social media sites including Facebook, Instagram, and in radio interviews and appearances on September 1, 2013.

11.     Thereafter Plaintiff began creating and selling clothing bearing the GOD IS DOPE Mark, and Plaintiff has used and continued to use the Mark in commerce continuously since March 28, 2014, in connection with the promotion and sales of clothing and silicon wristbands.



12.    Plaintiff regularly acknowledged IF LOVE IS DRUG…GOD IS DOPE followers and customers in social media posts to promote his faith-based movement and market the GOD IS DOPE Mark and merchandise.



13.    Plaintiff offers and sells t-shirts and wristbands online and through social media under the GOD IS DOPE Mark.

5



14. Plaintiff has sold products in interstate commerce around the country, including in Louisiana, Florida and Georgia under the GOD IS DOPE Mark.

15. Plaintiff continued using the Shorthand Mark in connection with the sale and advertising of this clothing and apparel including on various social media platforms and as a hashtag for consumers to find and comment regarding his goods.

16. As a result of his widespread, continuous use of the GOD IS DOPE Mark and the Shorthand Mark to promote his ministry and merchandise sales, Plaintiff owns the valid and subsisting federal and common law right to the GOD IS DOPE Mark as well as the common law rights in and to the Shorthand Mark.

17. The GOD IS DOPE Mark and the Shorthand Mark are distinctive to the consuming public and in the faith-based community.

18. Plaintiff has expended substantial time, money, and resources

Marketing, advertising, and promoting merchandise sold under the GOD IS DOPE Mark and the Shorthand Mark.

19.    As a result of Plaintiff's expenditures and efforts, the GOD IS DOPE Mark and the corresponding Shorthand Mark (collectively "Plaintiff's Marks") have come to be associated with the spiritual growth and life affirming change movement started by Plaintiff, and the acquired incalculable distinction, reputation and good will belonging exclusively to Plaintiff.

20.    Plaintiff is also the owner of the valid and subsisting United States Trademark Registration No. 4,666,740 on the Principal Register in the United States Patent and Trademark Office ("USPTO") in class 025 for clothing, namely t-shirts, hats, pants, socks, and sweatshirts for the trademark "IF LOVE IS A DRUG…GOD IS DOPE" (the "Registered Mark"). Attached as *Exhibit 1* is a true and correct copy of the certificate for Registration No. 4,666,740 issued by the USPTO on January 6, 2015.

## **Defendants' Background**

21.    The LLC Defendant was incorporated on July 27, 2014.

22.    The Foundation Defendant was incorporated on July 14, 2021.

---

1 All activities attributed to Foundation Defendant are for the time period beginning July 14, 2021, to present.

23.    Upon information and belief, Defendant Mr. Simpson is the sole member and/or shareholder and registered agent of both the LLC Defendant and the Foundation Defendant.

24.    Upon information and belief, Defendant Mr. Simpson authorizes, directs, and participates in all the activities and routine business decisions conducted by the LLC Defendant and the Foundation Defendant, including but not limited to trademark applications and related communications, advertising campaigns, merchandise promotions and sales, and social media postings.

## Defendants' Illicit Activities

25.    Upon information and belief, without authorization or permission, and, beginning after Plaintiff acquired protectable exclusive rights in the GOD IS DOPE Mark, the LLC Defendant and Mr. Simpson adopted and began using a mark nearly identical to Plaintiff's Marks in commerce in connection with the sale of clothing.

26.    The LLC Defendant and Mr. Simpson's adoption and use of the God is Dope mark (the "Infringing Mark") is confusingly similar to Plaintiff's Marks.

27.    Upon information and belief, the merchandise provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark by the LLC Defendant and Mr. Simpson is substantially similar to those offered by Plaintiff; indeed it is even themed to be a faith based brand like Plaintiff's brand.

28.     The merchandise provided, marketed, advertised, promoted, offered for sale and sold under the Infringing Mark by the LLC Defendant and Mr. Simpson is in competitive proximity to Plaintiff's merchandise under the Plaintiff's Marks.

29.     Upon information and belief, the LLC Defendant and Mr. Simpson have marketed, advertised, and promoted their merchandise under the Infringing Mark through the same marketing, advertising, and promotional channels as Plaintiff.

30.     Upon information and belief, the LLC Defendant and Mr. Simpson offer and sell their products under the Infringing Mark to the same or similar types of consumers as Plaintiff offers and sells his merchandise under the Plaintiff's Marks.

31.     On January 27, 2016, the LLC Defendant (at Mr. Simpson's direction) filed United States Trademark Application No. 86888538 seeking registration on the Principal Register of the USPTO for the Infringing Mark "God is Dope" in class 025 for clothing.

32.     The Infringing Mark was subsequently registered on the Principal Register of the USPTO on October 11, 2016, under Registration No. 5,058,069.

33.     On May 21, 2018, the LLC Defendant (at Mr. Simpson's direction) also filed United States Trademark Application No. 87929532 seeking registration

on the Principal Register of the USPTO for the Infringing Mark "God is Dope" in class 014 for jewelry.

34.    On June 1, 2018, the LLC Defendant (at Mr. Simpson's direction) filed United States Trademark Application No. 87945101 seeking registration on the Principal Register of the USPTO for a new stylized version of the Infringing Mark in class 025 for clothing.

35.    On September 21, 2018, an Examining Attorney issued an Office Action in regard to Trademark Application Nos. 87929532 and 87945101 initially refusing registration of the LLC Defendant's Infringing Marks. Attached as *Exhibits 2 and 3* are true and correct copies of the respective September 21, 2018, Office Actions.

36.    The Office Actions for each application provided, "Registration of the applied for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 4666740."

37.    On October 2, 2018, Plaintiff became aware of the LLC Defendant's trademark infringement and pending Trademark Application No. 87929532 in class 014 for jewelry and No. 87945101 in class 025 for clothing.

38.    Despite the United States Patent and Trademark Office's refusal to register the Infringing Mark due to a likelihood of consumer confusion with

10

Plaintiff's Marks, the LLC Defendant and Mr. Simpson continued using the Infringing Mark.

39. On March 4, 2019, the LLC Defendant (at Mr. Simpson's direction) filed a response to the Office Action, after which the applications for the Infringing Mark were approved for publication for opposition on May 19, 2019, in the Trademark Official Gazette.

40. Plaintiff also opposed the registration of the LLC Defendant's Applications Serial Nos. 87945101 & 87929532 although the proceeding was not adjudicated on the merits.

41. Upon information and belief, despite these steps the LLC Defendant and Mr. Simpson have continued to use the Infringing Mark and infringe upon Plaintiff's rights in and to Plaintiff's Marks.

42. Upon information and belief, the LLC Defendant and Mr. Simpson have engaged in marketing referencing both of Plaintiff's full GOD IS DOPE mark and the Shorthand Mark.

43. Upon information and belief, the infringement by the LLC Defendant and Mr. Simpson is willful and they have adopted the Infringing Mark in bad faith.

44. Upon information and belief, the LLC Defendant and Mr. Simpson have also engaged in other attempts to counterfeit and trade off of the goodwill of

other well-known brands.  By way of example, they have advertised and sold clothing bearing nearly identical reproductions of Burberry's famous nova check pattern, and Gucci's famous signature mark with red and green stripes just to name a few.

47. Upon information and belief, the adoption and use of Plaintiff's Marks by the LLC Defendant and Mr. Simpson is no different—it is their attempt to utilize the goodwill in Plaintiff's Marks for their own commercial benefit.

46. Furthermore, the infringement of Plaintiff's rights in and to Plaintiff's Marks by the LLC Defendant and Mr. Simpson threatens the goodwill Plaintiff has built in and to Plaintiff's Marks.

47. By way of some examples, the LLC Defendant, under Mr. Simpson's direction, has sub-par customer service and quality.   Consumers consistently have issues with customer service and complain about the quality of their goods, that the goods are poorly made, that customer service is non-responsive, that there are extraordinary fulfillment issues, including failure to fulfill and/or refund orders, that clothing has come smelling foul and has even come apart when washed.

48. Upon information and belief, the LLC Defendant and Mr. Simpson have also engaged in campaigns selling clothing under the Infringing Mark related to the death of George Floyd and Kobe Bryant claiming that 100% of the proceeds

would be donated to the families and/or charity, when upon information and belief
that is not true.

49.     In addition to the continued infringement of Plaintiff's Marks by the
LLC Defendant and Mr. Simpson, Mr. Simpson created the Foundation Defendant
on July 14, 2021, which he has designated as a "foundation" corporation, to further
exploit Plaintiff's Marks.

50.     Upon information and belief, the Foundation Defendant was created
in bad faith, to act seemingly as a charitable foundation but which under Plaintiff's
Marks serves as an additional source of income to the LLC Defendant and Mr.
Simpson.

51.     Upon information and belief, Defendants also exploit the Foundation
Defendant by representing false religious motives for using the Infringing Mark in
order to obtain charitable donations and/or merchandise sales which upon
information and belief are used instead as an additional source of income for the
Defendants.

52.     Upon information and belief, the Foundation Defendant has also
participated in the campaigns claiming that100% of the proceeds of various
collections that are sold and advertised using Plaintiff's Marks would be donated to
the families and/or charity, when upon information and belief that is not true.

53.    Upon information and belief, Defendants infringement of Plaintiff's Marks using the above-mentioned schemes confuses consumers about the source, sponsorship and/or affiliation between Plaintiff and Defendants, which will lead to the injury and diminution of their opinion about Plaintiff and the quality of its goods, and as such has and will  irreparably damage the reputation and goodwill associated with Plaintiff's Marks.

54.    Upon information and belief, there have been incidents of actual and/or anecdotal confusion including on social media, wherein consumers have believed that Defendants' goods are sponsored by, originate from and/or are associated with Plaintiff when that is not the case.

## COUNT ONE
### (Federal Trademark Infringement)

55.     Plaintiff incorporates by reference paragraphs 1 through 54, a fully set forth herein.

56.    The Defendants' use of the Infringing Mark infringes upon Plaintiff's registered trademark.

57.    Defendants' unauthorized use in commerce of the Infringing Mark as described herein is likely to cause confusion, mistake or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

14

58.    Upon information and belief, Defendants' have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior right in the GOD IS DOPE Mark and with the willful intent to cause confusion and trade on Plaintiff's good will.

59.    Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to his goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

60.    Upon information and belief, Plaintiff has no adequate remedy at law.

61.    Defendants' use of the Infringing Mark in connection with apparel and other retail merchandise is confusingly similar to Plaintiff's Marks.

62.    This confusingly similar use will cause consumers to believe in error that the two brands are owned by the same company.

63.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and cost of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment.

**COUNT TWO**
**(Federal Unfair Competition and False Designation of Origin)**

64.     Plaintiff incorporates by reference paragraphs 1 through 63, a fully set forth herein.

65.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

66.     Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendants with Plaintiff's Marks.

67.     Defendants' conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the Infringing Mark.

68.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to the goodwill and reputation of Plaintiff's Marks and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

70.     Upon information and belief, Plaintiff has no adequate remedy at law.

71.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
### (Common Law Trademark Infringement
### And Unfair Competition)

72.     Plaintiff incorporates by reference paragraphs 1 through 71, as fully set forth herein.

73.     Defendants' use of the Infringing Mark without the consent of Plaintiff is likely to confuse and deceive the public into believing the Defendants and the Infringing Mark are associated with Plaintiff's Marks or are sponsored or endorsed by or affiliated with Plaintiff's Marks.

74.     Defendants' activities described above constitute trademark infringement of Plaintiff's Marks.

75.     Defendants' acts were done knowingly, with actual notice that the Infringing Mark encompasses a substantive portion of Plaintiff's IF LOVE IS A DRUG...GOD IS DOPE mark and the entirety of the Shorthand Mark.

76.     As a direct and proximate result of Defendants' willful and deliberate conduct, Plaintiff has suffered, and will continue to suffer, substantial injury, and loss of goodwill.

77.     Plaintiff has been irreparably harmed, and if Defendants are permitted to continue their willful and deliberate acts of infringement, Plaintiff will continue to be irreparably harmed.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.     Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

   a.   Providing products bearing the mark GOD IS DOPE or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or the colorable imitation of Plaintiff's Marks;

   b.   Engaging in any activity that infringes Plaintiff's rights in Plaintiff's Marks;

18

    c.   Engaging in any activity constituting unfair competition with Plaintiff's Marks;

    d.  Making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that Defendants' products in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff;

    e.  Using or authorizing any third party to use in connection with any business any false description, false representation, or false designation of origin, or any marks, names, words, symbols, or devices that falsely associate such business, goods and/or services with Plaintiff's Marks or tend to do so;

    f.  Registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating Plaintiff's Marks or any other mark that infringes or is likely to be confused with Plaintiff's Marks, or any associated goods and services; and

    g.  Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

3.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Defendants is in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with the Plaintiff's Marks and merchandise.

4.      Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any resemblance to Plaintiff's Marks, and to direct all distributors, retailers, wholesalers and other individuals and establishments in the United States that distribute, advertise, promote, sell or offer for sale Defendants' goods or services to cease forthwith, and to immediately remove them from public access and view.

5.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath,

setting forth in detail the manner and form in which Defendants have complied therewith.

6.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

7.      Directing that Defendants account for and pay to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

8.      Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

9.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff his costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

10.     Awarding Plaintiff interest, including pre-judgement and post judgement interest, on the foregoing sums.

11.     Ordering Defendants to transfer the https://www.godisdope.com domain to Plaintiff;

12.     And awarding such other and further relief as the Court deems just

and proper.

Dated this 29th day of September 2022.

                                        Respectfully Submitted,


                                        /s/James L. Walker, Jr.
                                        James L. Walker, Jr.
                                        J. Walker & Associates, LLC
                                        The Walker Building
                                        3421 Main Street
                                        Atlanta, GA 30337

                                        Office: (770) 770-847-7363
                                        Fax:     (770) 286-1206
                                        Email: jjwalker@walkerandassoc.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STEVEN KING d/b/a IF LOVE IS A
DRUG…GOD IS DOPE,

               Plaintiff,

    v.

GOD IS DOPE, LLC, GOD IS DOPE
FOUNDANTION, INC., and
SHAROD SIMPSON,
              Defendants.

**CIVIL ACTION NO. _____**

## **VERIFICATION**

    In accordance with 28 U.S.C. § 1746, I, Steven King, owner of the IF LOVE

IS A DRUG…GOD IS DOPE trademark declare under penalty of perjury that I have

read the foregoing Verified Complaint in this matter and that the facts stated there

in are true and correct.

    Executed this 26th day of September 2022.

                         _____
                              Steven King

23