IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN KING d/b/a IF LOVE IS A DRUG…GOD IS DOPE,<br><br>Plaintiff,<br><br>v.<br><br>GOD IS DOPE, LLC and GOD IS DOPE FOUNDATION, INC., and SHAROD SIMPSON,<br><br>Defendants. | Case No. 22-cv-03926-LMM<br><br>DEFENDANTS' PROPOSED ANSWER |

## DEFENDANTS' PROPOSED ANSWER

## AFFIRMATIVE DEFENSES

Applicant undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated below. Applicant expressly reserves the right to plead additional affirmative and other defenses should any such defense be revealed by discovery in this case. As and for its affirmative and other defenses, Applicant states as follows:

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

As a result of Applicant's continuous use of the Mark since the time of Applicant's adoption thereof, the Mark has developed significant goodwill among the consuming public and consumer acceptance of the goods offered by Applicant in conjunction with the Mark. Such goodwill and widespread usage has caused the Mark to acquire distinctiveness with respect to Applicant and caused the Mark to become a valuable asset of Applicant.

### Third Affirmative Defense

There is no likelihood of confusion, mistake, or deception between Opposer's mark and Applicant's mark because both of the marks are not confusingly similar and travel in different trades of channels.

### Fourth Affirmative Defense

There is no likelihood of confusion, mistake, or deception between Opposer's mark and Applicant's mark because the marks have different meanings, connotations, and commercial impressions.

### Fifth Affirmative Defense

There is no likelihood of confusion, mistake, or deception between Opposer's mark and Applicant's mark because the dominant portion of both marks

are not the same, therefore the marks are not confusingly similar considering the peripheral differences.

### Sixth Affirmative Defense

There is no likelihood of confusion, mistake, or deception between Opposer's mark and Applicant's mark because of their differences between the parties' respective goods in terms of their nature and purpose, how they are promoted, and who they are purchased by.

### Seventh Affirmative Defense

There is no likelihood of confusion, mistake, or deception between Opposer's mark and Applicant's mark because the goods are marketed in different channels, which would prove that provides it is unlikely to be confused.

### Eighth Affirmative Defense

Applicant alleges on information and belief that the Opposer's mark "If Love is a Drug... God is Dope " is not distinctive or famous enough or to be granted broad protection of rights to bar other user from using the commonly used words within their trademarks.

### JURISDICTION AND VENUE

1. Defendant denies Plaintiff's allegations in paragraph 1 of the complaint
2. Defendant denies Plaintiff's allegations in paragraph 2 of the complaint
3. Defendant denies Plaintiff's allegations in paragraph 3 of the complaint

## NATURE OF THE PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 4. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

5. Defendant admits to Plaintiff's allegation in paragraph 5 of the complaint

6. Defendant admits to Plaintiff's allegations in paragraph 6 of the complaint

7. Defendant denies Plaintiff's allegations in paragraph 7 of the complaint

## ANSWER TO FACTUAL. BACKGROUND

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 8. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 9. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 10. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 11. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 12. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 13. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 14. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 15. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 16. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 17. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 18. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 19. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

20. Defendant admits to Plaintiff's allegations in paragraph 20 of the complaint

21. Defendant admits to Plaintiff's allegations in paragraph 21 of the complaint

22. Defendant admits to Plaintiff's allegations in paragraph 22 of the complaint

23. Defendant admits to Plaintiff's allegations in paragraph 22 of the complaint

24. Defendant partially admits and partially denies Plaintiff's allegations in paragraph 24

25. Defendant denies Plaintiff's allegations in paragraph 25 of the complaint

26. Defendant denies Plaintiff's allegations in paragraph 26 of the complaint

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 27. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 28. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 29. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 30. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

31. Defendant admits to Plaintiffs allegations in paragraph 31 of the complaint

32. Defendant partially admits and partially denies Plaintiff's allegations in paragraph 32. Specifically, Defendant registered the trademark, but it was not infringing

33. Defendant partially admits and partially denies Plaintiff's allegations in paragraph 33. Specifically, Defendant did file the trademark registration, but it was not at the direction of Mr. Simpson.

34. Defendant partially admits and partially denies Plaintiff's allegations in paragraph 34. Specifically, Defendant did file the trademark registration, but it was not at the direction of Mr. Simpson.

35. Defendant denies Plaintiff's allegations in paragraph 35 of the complaint

36. Defendant denies Plaintiff's allegations in paragraph 36 of the complaint

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 37. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

38. Defendant denies Plaintiff's allegations in paragraph 38 of the complaint

39. Defendant partially admits and partially denies Plaintiff's allegations in paragraph 39. Specifically, Defendant did file the response to Office Action, but it was not at the direction of Mr. Simpson.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 40. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

41. Defendant denies Plaintiff's allegations in paragraph 41 of the complaint

42. Defendant denies Plaintiff's allegations in paragraph 42 of the complaint

43. Defendant denies Plaintiff's allegations in paragraph 43 of the complaint

44. Defendant denies Plaintiff's allegations in paragraph 44 of the complaint

45. Defendant denies Plaintiff's allegations in paragraph 45 of the complaint

46. Defendant denies Plaintiff's allegations in paragraph 46 of the complaint

47. Defendant denies Plaintiff's allegations in paragraph 47 of the complaint

48. Defendant denies Plaintiff's allegations in paragraph 48 of the complaint

49. Defendant denies Plaintiff's allegations in paragraph 49 of the complaint

50. Defendant denies Plaintiff's allegations in paragraph 50 of the complaint

51. Defendant denies Plaintiff's allegations in paragraph 51 of the complaint

52. Defendant denies Plaintiff's allegations in paragraph 52 of the complaint

53. Defendant denies Plaintiff's allegations in paragraph 53 of the complaint

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 54. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

## ANSWER TO FEDERAL TRADEMARK INFRINGEMENT

55. Defendant denies Plaintiff's allegations in paragraph 55 of the complaint

56. Defendant denies Plaintiff's allegations in paragraph 56 of the complaint

57. Defendant denies Plaintiff's allegations in paragraph 57 of the complaint

58. Defendant denies Plaintiff's allegations in paragraph 58 of the complaint

59. Defendant denies Plaintiff's allegations in paragraph 59 of the complaint

60. Defendant admits Plaintiff's allegations in paragraph 60 of the complaint

61. Defendant denies Plaintiff's allegations in paragraph 61 of the complaint

62. Defendant denies Plaintiff's allegations in paragraph 62 of the complaint

63. Defendant denies Plaintiff's allegations in paragraph 63 of the complaint

## ANSWER TO FEDERAL UNFAIR COMPETITION

64. Defendant denies Plaintiff's allegations in paragraph 64 of the complaint

65. Defendant denies Plaintiff's allegations in paragraph 65 of the complaint

66. Defendant denies Plaintiff's allegations in paragraph 66 of the complaint

67. Defendant denies Plaintiff's allegations in paragraph 67 of the complaint

68. Defendant denies Plaintiff's allegations in paragraph 68 of the complaint

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 69. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

70. Defendant admits Plaintiff's allegations in paragraph 70 of the complaint

71. Defendant denies Plaintiff's allegations in paragraph 71 of the complaint

**ANSWER TO COMMON LAW TRADEMARK INFRINGEMENT**

72. Defendant denies Plaintiff's allegations in paragraph 72 of the complaint

73. Defendant denies Plaintiff's allegations in paragraph 73 of the complaint

74. Defendant denies Plaintiff's allegations in paragraph 74 of the complaint

75. Defendant denies Plaintiff's allegations in paragraph 75 of the complaint

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 76. Since Defendant can neither admit nor deny the paragraph as written, Defendant must deny

77. Defendant denies Plaintiff's allegations in paragraph 77 of the complaint

WHEREFORE Defendant prays that this action be dismissed with prejudice, that all costs of this action be cast against Plaintiff, including Defendant's

attorney's fees, that this Court pursue such further and additional relief as it may deem appropriate under the circumstances.

Respectfully submitted this 13th day of February 2023.

/s/ *Alcide L. Honoré*
Alcide L. Honoré
HONORÉ LAW, LLC
GA Bar #012608
Counsel for Defendants
675 Ponce DeLeon Ave. NE, Ste. NE-223
Atlanta, GA 30308
(678) 888-4637 p